681 P.2d 540 (1984)
In re A.H. ROBINS COMPANY, INC., Dalkon Shield, IUD Products Liability Litigation.
CLAIMANTS IN MULTI-DISTRICT LITIGATION; MDL Docket Number 211 in the United States District Court for the District of Kansas, Plaintiffs-Appellees,
v.
A.H. ROBINS COMPANY, INC., Defendant-Appellant.
No. 82CA1324.
Colorado Court of Appeals, Div. III.
April 12, 1984.
*541 Kripke, Epstein & Lawrence, Kenneth N. Kripke, Scott Lawrence, Denver, for plaintiffs-appellees.
Tilly & Graves, P.C., Charles Q. Socha, Ronald H. Shear, Denver, for defendant-appellant.
STERNBERG, Judge.
The defendant, A.H. Robins Company, Inc., (Robins) appeals an order of the district court which authorized the release of a videotape deposition for use by several plaintiffs (MDL plaintiffs) in multi-district litigation pending in the United States District Court for the District of Kansas. We affirm.
This proceeding arose out of multi-district "Dalkon Shield" products liability litigation. In May 1979, pre-trial evidentiary hearings were conducted in a Dalkon Shield products liability case filed against Robins in Denver District Court. In that trial, Palmer, the plaintiff, had taken the videotape deposition of a physician in Tucson, Arizona. Robins was represented by counsel at the deposition.
Robins sought to restrict the use of the videotape to the Palmer trial. The trial court in the Palmer case entered an order which precluded inspection, copying, and release of the video portion of the deposition except upon order of the court entered with the written approval of the parties or their attorneys, or after notice to the parties or attorneys for good cause shown. There is no issue raised regarding the stenographically recorded transcript of the deposition, it having been released.
Attorneys for one Maguire, a plaintiff in a Dalkon Shield case pending against Robins in the United States District Court for the District of Colorado, obtained release of the videotape for use in that trial. By order in Robins v. District Court, (Colo. No. 80SA402, September 18, 1980), our Supreme Court denied Robins' petition in the nature of prohibition and mandamus to prevent release of the videotape for use in the Maguire trial.
Meanwhile, several multi-district Dalkon Shield products liability actions against Robins were consolidated for the supervision of discovery by the United States District Court for the District of Kansas. In 1981, the MDL plaintiffs moved in that court for an order allowing them to copy and use the videotape in the Kansas discovery. Such an order was entered, permitting the inclusion of the videotape in the corpus of the discovery materials, if it were released by the Denver District Court.
Thereafter, the MDL plaintiffs filed this action in Denver District Court seeking an order allowing withdrawal of the videotape for copying and use. Palmer agreed to the release, but Robins objected, and served on MDL plaintiffs a "Request for Production of Documents and Request for Admissions." The MDL plaintiffs then moved to strike Robins' discovery requests on the ground that such discovery was irrelevant to the motion to withdraw the videotape.
*542 A hearing was held, after which the district court granted the motion to strike the discovery request, and, citing seven grounds as constituting good cause, ordered the release of the original tape for the purposes of copying. Robins then appealed, alleging three errors.

I.
Robins first attacks the standing of the MDL plaintiffs to obtain release of the videotape.
This argument was raised for the first time on appeal, but standing is a type of jurisdictional issue which can be raised at any stage of an action, including the appeal. McCroskey v. Gustafson, 44 Colo. App. 149, 611 P.2d 984 (1980), aff'd, 638 P.2d 51 (Colo.1981).
C.R.C.P. 26(b)(1) permits "discovery regarding any matter, not privileged, which is relevant to the subject matter in the pending action...." The videotape, previously used in two Dalkon Shield cases, may be relevant to the subject matter in the pending Kansas case. Hence, this action was filed in the pursuit of discovery materials in the possession of the district court as permitted by C.R.C.P. 26(b). See Wilk v. American Medical Ass'n, 635 F.2d 1295 (7th Cir. 1980); United States v. United Fruit Co., 410 F.2d 553 (5th Cir.1969).
Robins argues that none of the plaintiffs have cases pending in the state courts of Colorado, none were parties to the Palmer trial, and none had any legally recognizable interest in the Palmer trial. However, "[s]tanding doctrines are employed to refuse to determine the merits of a legal claim, on the ground that even though the claim may be correct the litigant advancing it is not properly situated to be entitled to its judicial determination." 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3531 at 175-76 (1975).
Here, we are not concerned whether the MDL plaintiffs suffered injuries in fact to legally protected interests as contemplated by statutory or constitutional provisions. See Wimberly v. Ettenberg, 194 Colo. 163, 570 P.2d 535 (1977). Such questions would properly be addressed to the courts in which the actions are filed. We are instead concerned whether the MDL plaintiffs made a proper discovery request. We conclude they did.

II.
Robins next asserts that, even if the plaintiffs had standing, the trial court abused its discretion in refusing to permit discovery on the sole issue involved in the proceeding, i.e., whether "good cause" existed for the release of the videotape. We disagree.
We agree with Robins that a party may obtain discovery regarding any matter relevant to the subject matter involved in the pending action. C.R.C.P. 26(b)(1). However, generally matters of discovery are within the sound discretion of the trial court. Kerwin v. District Court, 649 P.2d 1086 (Colo.1982).
Here, the court in its order found good cause for withdrawal of the videotape on one or all of seven grounds. Robins' request for discovery related only to one of the groundsthe precarious state of the deponent's health. Hence, good cause existed independently of any information pertaining to the health issue, thus rendering any error in that regard harmless.

III.
Lastly Robins contends that the trial court erred in finding that the plaintiffs had shown good cause sufficient to warrant the release of the videotape. We disagree.
Among the seven grounds constituting good cause were judicial economy, the desirability of permitting jury observation of the videotape testimony to discern demeanor and credibilityan opportunity not afforded by the introduction of the stenographic transcript of the depositionand the unavailability of the deponent for further testimony. The record supports these findings.
*543 In addition, the court found that Robins would not be prejudiced by the release of the videotape because it was still afforded the protection of the Federal Rules of Evidence and Civil Procedure in subsequent proceedings. The release of the videotape for discovery purposes does not mean that the tape necessarily must be admitted into evidence in the multi-district litigation, and Robins' argument regarding the limited scope of the deposition and the health of the deponent are more properly addressed to the courts in which the MDL plaintiffs seek to introduce the videotape.
The order is affirmed.
PIERCE and VAN CISE, JJ., concur.