Lois BENNETT, Gerald N. Burns, Jose Cordova, George Crockett, Vincent Cyphers, Francis Denning, Norma Egeness, Carl Erickson, David Glassman, Louise Keller, Dave Kettel, John Rosales, Joann Taylor, Leslie Trowbridge, Maurice Bradley Ward, William Weltner, Kenneth Ayer, and Robert Sloat, Plaintiffs–Appellants,

v.

The BOARD OF TRUSTEES FOR the UNIVERSITY OF NORTHERN COLORADO, Betsy Karowski, Jose Trujillo, Thomas Stokes, Beverly Biffle, Robert Sweeney, Arthur Ohanian, Gail Schoettler, and Robert Dickeson, Defendants–Appellees.

No. 87CA0528.

Colorado Court of Appeals, Div. III.

April 20, 1989.

Rehearing Denied June 1, 1989.

Certiorari Granted Dec. 4, 1989.

William P. Bethke, Denver, for plaintiffs-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and David P. Temple, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Chief Judge KELLY.

Plaintiffs appeal the judgment of the trial court in favor of defendant, the Board of Trustees for the University of Northern Colorado, holding that the Board's plan to reorganize the university's courses of study did not violate Colo.Sess.Laws 1889, p. 411, § 5. We remand for dismissal of the complaint.

In 1982, the university administration, faced with a legislative mandate to reduce the number of faculty, devised a plan to reorganize the university. Part of the reorganization plan was expressed in a document titled "A Plan for the Future," which was the culmination of an intensive review of the programs and goals of the university. It reduced or eliminated many departments and degree programs and made corresponding faculty reductions.

This document was publicly released by the university president four days before it was scheduled for action by the Board. The day after the document's release, the faculty, at a formal meeting, passed a motion expressing disapproval of the document. Three days later, the Board adopted the plan despite the faculty's objections.

The plaintiffs are tenured professors whose positions were eliminated in the reorganization. In accordance with university policy, they requested a hearing officer review. After final action of the Board regarding the hearing officer's decision, the plaintiffs sought judicial review under the Administrative Procedure Act, § 24-4-106, C.R.S. (1988 Repl.Vol. 10A). They asked for, but were denied, reinstatement on the ground that the plan violated Colo.Sess.Laws 1889, p. 411, § 5.

That statute provided that "[The trustees] shall, with the advice and consent of the faculty, prescribe the various books to be used in [the colleges], the courses of study and instruction...." This statute has been amended and is now codified in § 23-50-103, C.R.S. (1988 Repl.Vol. 9), but

the changes in language do not resolve the question presented here.

■ The plaintiffs argue that, because the plan was adopted without the faculty's "advice and consent," both the document and the terminations mandated by it are invalid. We do not address this argument because we conclude that the plaintiffs lack standing to bring this action. Although standing was not raised in the trial court, it is a jurisdictional issue which can be raised at any stage of an action, including the appeal. *In re A.H. Robins Co.*, 681 P.2d 540 (Colo.App.1984).

■ Standing is addressed in a two-part inquiry: (1) whether the plaintiff was injured in fact, and (2) whether that injury was to a legal right protected by statutory provisions which allegedly have been violated. *Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977). Thus, although standing is necessary to invoke the court's jurisdiction, its existence depends, in part, upon the merits of the case. *Cloverleaf Kennel Club, Inc. v. Colorado Racing Commission*, 620 P.2d 1051 (Colo.1980).

■ Injury in fact is required because judicial resolution of a matter is not proper unless an actual controversy exists. *Conrad v. City & County of Denver*, 656 P.2d 662 (Colo.1982). If the plaintiff does establish actual injury, the court must determine whether the particular statute underlying the claim creates a right in the plaintiff that has been abrogated by the challenged action. *State Board for Community Colleges & Occupational Education v. Olson*, 687 P.2d 429 (Colo.1984).

■ Plaintiffs here argue that, because the plan reorganized the university's courses of study, it falls within the purview of the statute. There are no cases construing this statute, nor have we found similar statutes to have been construed in other jurisdictions. However, we conclude that the statutory purpose is to assure academic freedom for the faculty by granting it a voice in choosing courses and texts. Termination of employment is not the evil proscribed by the statute. Accordingly, the harm complained of by plaintiffs did not arise from violation of the statute in question, and thus, they lack standing to pursue this action.

The appeal is dismissed, and the cause is remanded to the trial court with directions to dismiss the complaint.

NEY and FISCHBACH, JJ., concur.