James R. TISING, Charles Sutton, and Jack L. Lowe, Complainants–Appellants,

v.

The STATE PERSONNEL BOARD OF the STATE OF COLORADO, Appellee,

and

University of Southern Colorado, Respondent–Appellee.

No. 90CA506.

Colorado Court of Appeals, Div. II.

June 6, 1991.

Rehearing Denied Aug. 1, 1991.

Rehearing Denied (Respondent–Appellee) Oct. 24, 1991.

Certiorari Denied March 16, 1992.

Joe T. Ulibarri, Pueblo, for complainants-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Lee R. Combs, Sp. Asst. Atty. Gen., Denver, for respondent-appellee University of Southern Colorado.

Opinion by Judge RULAND.

Complainants, three former certified state employees of the University of Southern Colorado (USC), seek review of a decision by the Colorado State Personnel Board approving termination of their employment. We affirm in part and reverse in part.

This appeal results from a protracted series of hearings and appeals originating in 1985 when the complainants were terminated in connection with a reorganization of the USC police department. As part of the reorganization, USC contracted with a

private firm to provide campus security guards.

In the initial review of the Board's decision, this court held that complainants were afforded adequate procedural due process in conjunction with the reorganization, but the case was remanded to the Board for a determination of whether the requirements of § 24–50–128(3), C.R.S. (1988 Repl.Vol. 10B) were violated by the security firm's contract with USC. *University of Southern Colorado v. State Personnel Board,* 759 P.2d 865 (Colo.App.1988).

Following the remand, the Board affirmed a hearing officer's findings of fact and conclusions of law determining that the former public safety administrator, James R. Tising, lacked legal standing to challenge the personal services contract between USC and the private security firm. The hearing officer also concluded that the contract did not create an employer-employee relationship in violation of § 24–50–128(3) and that, therefore, the appeal by two former public safety officers, Charles Sutton and Jack L. Lowe, lacked merit.

While this appeal was pending, our supreme court announced *Colorado Ass'n of Public Employees v. Department of Highways,* 809 P.2d 988 (Colo.1991), in which the court addressed the validity of personal service contracts under § 24–50–128, C.R.S. (1988 Repl.Vol. 10B). We ordered and have considered additional briefs from the parties regarding the applicability of that case here. However, we must first address USC's contention relative to the standing of the complainants to pursue their claims.

### I.

■ Standing is a jurisdictional issue which can be raised at any time during the pendency of an action, including an appeal. *See Claimants in re Multi–District Litigation v. A.H. Robins Co.,* 681 P.2d 540 (Colo.App.1984). USC contends that the complainants all lack legal standing to pursue any claim under § 24–50–128(3). We agree with the hearing officer's resolution of this issue.

■ As pertinent here, standing involves a two-part test: (1) whether the complainants sustained an injury in fact; and (2) whether the injury was to a legal interest protected by the statute. *See Wimberly v. Ettenberg,* 194 Colo. 163, 570 P.2d 535 (1977).

Section 24–50–128(3) prevents the state from entering into contracts for personal services which create employer-employee relationships for longer than six months if the duties are classified and are commonly and historically performed by employees in regular positions under the state personnel system. The legislative history pertinent to enactment of § 24–50–128 indicates that the purpose of the section was to eliminate the practice of cronyism within the state personnel system. *See Colorado Ass'n of Public Employees v. Department of Highways, supra; see generally* R. Vaughn, *Principles of Civil Service Law* § 1.2 (1976).

■ Here, as a result of USC's reorganization and the contract with the private security firm, Tising suffered a substantial pay reduction and Lowe and Sutton lost their positions. Therefore, contrary to USC's contention, an injury in fact has been established.

■ We agree, however, with the hearing officer's conclusion that Tising has not established any injury to a legal interest protected by the statute. This is because his position as public safety administrator was to be eliminated as part of the reorganization and regardless of whether a private security firm was engaged. Conversely, the private security officers do not perform any functions of that former position. Moreover, to the extent that Tising previously performed the duties of a public safety officer because the security force was understaffed, he continues to perform those duties as the result of exercising his "bumping" rights in order to secure one of the current safety officer positions.

■ Unlike Tising, however, the record establishes an injury to the legal interests of Lowe and Sutton which are protected by the statute. The private security officers

perform a substantial part of the services previously furnished by these complainants as public safety officers. And, contrary to USC's contention, we conclude that it is unnecessary for complainants to establish that the private security guards perform all of the services previously undertaken by complainants. *See People ex rel. Kelly v. Milliken,* 74 Colo. 456, 223 P. 40 (1923).

We also reject USC's argument that *Bennett v. Board of Trustees,* 782 P.2d 1214 (Colo.App.1989) requires us to hold that Lowe and Sutton lack legal standing. In *Bennett,* the statute at issue addressed academic freedom for the faculty by granting it a voice in choosing courses and texts. This court concluded that termination of faculty positions was not the evil addressed by the statute and that, therefore, terminated instructors had no standing to rely upon this statute for reinstatement. Here, however, one of the primary functions of § 24–50–128(3) is to prevent the unwarranted termination of classified state employees and their subsequent replacement with contract workers. *See Colorado Ass'n of Public Employees v. Department of Highways, supra.*

## II.

██ The sole remaining issue is whether the holding in *Colorado Ass'n of Public Employees v. Department of Highways, supra,* requires reversal of the Board's decision dismissing the claims of Lowe and Sutton. We conclude that it does.

In that case our supreme court held that private vendor contracts entered into by the Department of Highways were invalid under Colo. Const. art. XII, §§ 13 through 15, and under § 24–50–128. The basis for the decision was that no statutes or regulations had been adopted to establish standards governing such contracts. The same deficiency exists here.

Contrary to USC's contention, we conclude that Lowe and Sutton are entitled to rely upon that decision. As confirmed in the pre-hearing delineation of issues for

decision by the hearing officer, the Board had already announced its decision upholding the validity of private vendor contracts. Hence, it was unnecessary for Lowe and Sutton to reargue that issue at the administrative level. And, that issue was, in effect, presented by Lowe and Sutton in the initial brief filed in this court.

██ Finally, we do not view the opinion in *Colorado Ass'n of Public Employees v. Department of Highways, supra,* as announcing a new rule of law which requires us to conduct an analysis of whether the rule should be applied retroactively. *See Marinez v. Industrial Commission,* 746 P.2d 552 (Colo.1987). Instead, that opinion is consistent with prior holdings of the court relative to the civil service system. *See Colorado Ass'n of Public Employees v. Regents,* 804 P.2d 138 (Colo.1990); *Colorado Ass'n of Public Employees v. Lamm,* 677 P.2d 1350 (Colo.1984). *See also Rocky Mountain Power Co. v. Colorado River Water Conservation District,* 646 P.2d 383 (Colo.1982) (a new rule of law is not created if a decision reaffirms the holdings of prior decisions).

That part of the order determining that Tising lacks legal standing to challenge his dismissal is affirmed. That part of the order dismissing the appeals by Lowe and Sutton is reversed, and the cause is remanded to the Board for determination of the appropriate remedy to be awarded to them.

JONES, J., and Justice HODGES *, concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).