The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Walter MARSTON, Defendant–Appellee.

No. 88SA19.

Supreme Court of Colorado, En Banc.

April 24, 1989.

Rehearing Denied May 15, 1989.

Philip Bienvenu, Lamar, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender and Tad Overturf, Deputy State Public Defender, La Junta, for defendant-appellee.

ERICKSON, Justice.

The prosecution appeals the Prowers County District Court order dismissing the charge against Walter Marston, appellee, for violating section 38–35–109, 16A C.R.S. (1982),[1] after a finding that probable cause did not exist to bind the case over for trial. Based upon our holding in *People v. Forgey*, 770 P.2d 781 (Colo.1989), we reverse the order dismissing the case and remand to the district court with directions to reinstate the charge and for further proceedings consistent with this opinion.

I.

On April 3, 1987, a complaint and information was filed by the Prowers County District Attorney against Walter Marston alleging that Marston had filed a document purporting to create a lien in violation of section 38–35–109. The complaint stated that on or about December 29, 1986, Marston filed with the Prowers County Clerk and Recorder a document purporting to create a lien against land owned by Heritage Savings and Loan Association of Lamar, Colorado. The document, titled "Notice of Equity Interest and Claim," stated in part:

WALTER MARSTON has claimed an interest, if not all interest in the property described and listed in this claim.

THEREFORE, to satisfy DEBT and DAMAGES caused by:

HERITAGE SAVINGS AND LOAN ASSOCIATION, 201 South 5th St., Lamar, Colorado 81052

when said Heritage Savings and Loan Association violated the Right to Property, real and personal, of WALTER MARSTON and caused loss of revenue and mental anguish, WALTER MARSTON files this CLAIM. Actions taken by said Heritage Savings and Loan Association in violation of Rights of WALTER MARSTON are cause for punitive damages and further cause for this CLAIM.

This CLAIM stands forever or until satisfied, against the property....

This CLAIM is transferable as negotiable for value....

This CLAIM and interest has not been fully determined in value of Dollars, but is believed to be in excess of FIVE MILLION DOLLARS (5,000,000.00).

At a preliminary hearing held on December 2, 1987, the trial court dismissed the charge against Marston after finding that the "Notice of Equity Interest and Claim" was not a document "purporting to create a lien against real property" as defined in section 38–35–109. In deciding whether the document purported to create a lien, the trial court looked to see if it "professes

---

**1.** Section 38–35–109 provides in part that:

(3) Any person who offers to have recorded or filed in the office of the county clerk and recorder any document purporting to create a lien against real property, knowing or having a reason to know that such document is forged or groundless, contains a material misstatement or false claim, or is otherwise invalid, shall be liable to the owner of such real property for the sum of not less than one thousand dollars or for actual damages caused thereby, whichever is greater, together with reasonable attorney fees....

(4) Anyone who violates the filing limitations of subsection (3) of this section commits a class 1 misdemeanor and shall be punished as provided in section 18–1–106, C.R.S. 1973.

outwardly to be a lien or has the appearance of a lien or claims on its face to be a lien." The trial court noted that the document never referred to itself as a lien and in fact was not a statutory or equitable lien. Nor was it held to be a lis pendens. Accordingly, the trial court found as a matter of law that the document filed by Marston did not purport to create a lien and hence there was no probable cause supporting the complaint and information. The case was then dismissed.

The prosecution appeals from the trial court's order pursuant to section 16–12–102, 8A C.R.S. (1986).

## II.

■ Marston initially contends that appellate review of this case under section 16–12–102 is improper because the trial court's dismissal was based upon factual, rather than legal, findings. The record does not support appellee's contention. Section 16–12–102 provides in part that "[t]he prosecution may appeal any decision of the trial court in a criminal case upon any question of law." § 16–12–102(1). The trial judge specifically stated in dismissing the charge against Marston that "as a matter of law, there is no probable cause" supporting the prosecution's charge. The record reflects that the judge's inquiry was limited to reviewing the face of the document filed by Marston and determining whether its language purported to create a lien. He made no factual findings outside of the four corners of the document nor did he elicit testimony from any witness. Accordingly, his determination was, as he emphatically described it, made as a matter of law and is therefore properly reviewable under section 16–12–102.

## III.

In reaching its conclusion that Marston did not file a document purporting to create a lien, the trial court stated:

So rather than finding that it is either a lien or a document purporting to be a lien, this Court finds and concludes, as a matter of law, that the document in question, Defendant's Exhibit (1), is a legal notice filed to advise and inform both Heritage Savings and the world at large, that a legal claim may be made in the future against the property of Heritage Savings.

It is as it states on its face: a pre-judgment notice or claim, rather than a notice or claim that professes to be reduced to judgment.

■ In *People v. Forgey*, 770 P.2d 781 (Colo.1989), we held that a party could be prosecuted under section 38–35–109 regardless of whether the document filed in fact created a lien. The dispositive inquiry was whether the party knew or had reason to know that the document filed would unjustifiably cloud the property's title. *People v. Forgey*, 770 P.2d at 784. If the party knew or had reason to know that title would be clouded by filing the document, then charges under section 38–35–109 could be maintained. This rule was adopted in part to promote the legislature's desire to curb the filing of all but valid liens against real property. *Id.*, 770 P.2d at 784.

The document filed by Marston certainly gives rise to an inference that he knew the "Notice of Equity Interest and Claim" would cloud title to the property owned by Heritage Savings. The document claimed an interest in the land, asserted a punitive damage claim, said it stood forever or until satisfied, and claimed to be worth in excess of $5,000,000. It clouded Heritage's title to the property inasmuch as a potential purchaser, upon examining the property's title, would be on notice that litigation might be required to clear title. The fact that the document did not create a valid lien is irrelevant here.

■ The trial court erred in finding as a matter of law that the document did not purport to create a lien. The relevant inquiry at the preliminary hearing on probable cause is whether Marston knew or had reason to know the filing of the document would unjustifiably cloud the property's title. If he did, he filed a document that purports to create a lien and is subject to charges brought under section 38–35–

109(3). Accordingly, we reverse the order dismissing the case and remand to the district court with directions to reinstate the charge and for further proceedings consistent with this opinion.