**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Mark Anthony WILCZYNSKI, Defendant–Appellee.**

No. 92CA0915.

Colorado Court of Appeals, Div. I.

Sept. 9, 1993.

As Modified on Denial of Rehearing Nov. 4, 1993.

Certiorari Granted May 2, 1994.

Robert R. Gallagher, Jr., Dist. Atty., James C. Sell, Chief Deputy Dist. Atty., and Brian K. McHugh, Deputy Dist. Atty., Englewood, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender and Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge MARQUEZ.

The People appeal the trial court order vacating the defendant's life sentence under the habitual criminal act and imposing a twelve-year sentence. We vacate the sentence and remand for resentencing.

Defendant, Mark Anthony Wilczynski, was found guilty of second degree burglary and three habitual criminal counts. The trial court imposed a life sentence. The defendant appealed his conviction.

During his appeal, the defendant requested a limited remand to the trial court to determine whether his 1984 felony California conviction for causing bodily injury while driving under the influence was a "drug law conviction" for purposes of the habitual criminal statute, § 16–13–101(3), C.R.S. (1986 Repl.Vol. 8A). The trial court ruled that the 1984 conviction was a "drug law conviction" and, therefore, could not be counted as a previous conviction under § 16–13–101(3). As a result of that ruling, the defendant had only two convictions, one being a 1977 conviction for second degree murder. Thus, he could not be sentenced under the habitual criminal statute, § 16–13–101(1), C.R.S. (1986 Repl.Vol. 8A). Accordingly, the trial court resentenced the defendant to a term of twelve years based on his present conviction for second degree burglary.

On appeal, the People contend that the trial court erred in finding that defendant's conviction for causing bodily injury while driving under the influence pursuant to Cal. Veh.Code § 23153(a) (West 1985) is a "drug law conviction" for purposes of § 16–13–101(3). We agree.

Section 16–13–101(3) provides:

No drug law conviction shall be counted as a prior felony conviction under this section unless such prior offense would be a felony

if committed in this state at the time of the commission of the new offense.

■ Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Charnes v. Boom*, 766 P.2d 665 (Colo.1988). To discern legislative intent, a court should look first to the statutory language. *People v. Warner*, 801 P.2d 1187 (Colo.1990). Statutory words and phrases should be given effect according to their plain and ordinary meaning, and the statute must be read and considered as a whole. *People v. District Court*, 713 P.2d 918 (Colo.1986).

Cal.Veh.Code § 23153(a) (West 1985) provides:

It is unlawful for any person, while under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver.

■ Here, giving effect to the plain and ordinary meaning of the words and phrases contained in the habitual criminal statute, we conclude that "drug law conviction" does not include a conviction for causing bodily injury while driving under the influence. The fact that the California statute encompasses both drugs and alcohol does not affect our decision.

Although the General Assembly has not defined "drug law conviction," it has defined "controlled substance" as a drug, substance, or immediate precursor included in schedules set out in §§ 18–18–203 through 18–18–207, C.R.S. (1993 Cum.Supp.) Section 18–18–102(5), (1993 Cum.Supp.).

Offenses relating to controlled substances are defined in §§ 18–18–101, through 18–18–605, C.R.S. (1993 Cum.Supp.). In contrast, the offense of driving under the influence is defined in the vehicle code. Section 42–4–1202, C.R.S. (1993 Repl.Vol. 17).

■ The power to define criminal conduct and to establish the legal components of criminal liability is vested with the General Assembly. *People v. Low*, 732 P.2d 622 (Colo.1987). As such, the General Assembly could have established driving under the influence of alcohol or drugs as a drug offense rather than a vehicular offense. Categorization as a vehicular offense precludes a determination that the General Assembly intended to consider driving under the influence as a drug law conviction. If the General Assembly had intended that driving under the influence be a drug law conviction, it would have included the offense in title 18 rather than title 42.

In further support of our conclusion, California does not consider driving under the influence as a violation of its controlled substance laws. Controlled substance violations are found in the California Health and Safety Code. Cal. Health & Safety Code § 11350 (West 1991). Thus, California has determined that driving under the influence is a violation of the vehicle code and not a violation of its controlled substance laws.

Consequently, we hold that, for purposes of § 16–13–101(3), a conviction for driving under the influence causing bodily injury under the California statute is not a "drug law conviction" and can be counted as a prior felony conviction under § 16–13–101.

■ In addition, because this conviction was a felony in California, Cal.Veh.Code § 23153 and 23180 (West 1985) (requires bodily injury); *see People v. Clenney*, 165 Cal.App.2d 241, 331 P.2d 696 (1958), although it would not have been a felony here, *see* § 18–3–205, C.R.S. (1993 Cum.Supp.) (requires serious bodily injury), the conviction can be deemed a prior felony conviction for purposes of § 16–13–101. *See People v. Drake*, 785 P.2d 1257 (Colo.1990); *People v. Lake*, 195 Colo. 454, 580 P.2d 788 (1978).

Moreover, because we have concluded that defendant's 1984 conviction is not a "drug law conviction," his 1977 conviction for second degree murder can now be counted for purposes of the habitual criminal statute. *See* § 16–13–101(2), C.R.S. (1986 Repl.Vol. 8A).

Accordingly, the sentence is vacated, and the cause is remanded to the trial court with

directions to resentence defendant consistent with the provisions of § 16–13–101.

PIERCE and NEY, JJ., concur.