**Mark Anthony WILCZYNSKI, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 93SC710.**

Supreme Court of Colorado, En Banc.

March 13, 1995.

David F. Vela, Colo. State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for petitioner.

Robert R. Gallagher, Jr., Dist. Atty., Eighteenth Judicial Dist., James C. Sell, Chief Deputy Dist. Atty., Englewood, for respondent.

Justice ERICKSON delivered the Opinion of the Court.

We granted certiorari to review *Wilczynski v. People*, 873 P.2d 10 (Colo.App.1993),[1] and to determine whether Mark A. Wilczynski's DUI-bodily injury conviction in California constitutes a "drug law conviction" for purposes of section 16–13–101(3), 8A C.R.S. (1986).[2] Because the DUI-bodily injury conviction is not a "drug law conviction" under section 16–13–101(3), we affirm and return this case to the court of appeals with directions to remand to the trial court for the imposition of a life sentence.

---

1. The following issue is before us for review on certiorari:

     Whether the court of appeals erred in reversing the trial court's order which held that one of the prior convictions which was used to support the habitual criminal conviction should not have been considered a felony conviction pursuant to § 16–13–101(3), 8A C.R.S. (1986).

2. Section 16–13–101(3) provides:

     No drug law conviction shall be counted as a prior felony conviction under this section unless such prior offense would be a felony if committed in this state at the time of the commission of the new offense.

     Section 16–13–101, 8A C.R.S. (1986) (habitual criminal statute) was amended in 1993 and 1994. *See* ch. 322, sec. 1, § 16–13–101, 1993 Colo.Sess. Laws 1975; ch. 261, sec. 1, § 16–13–101, 1994 Colo.Sess.Laws 1470. However, § 16–13–101(3) was not changed.

## I

The petitioner, Mark A. Wilczynski, was charged by information with second-degree burglary,[3] theft,[4] and as an habitual criminal for his conviction of three felonies.[5] On May 24, 1990, following a three-day trial, the jury found the petitioner guilty of second-degree burglary.[6] At the habitual criminal phase of the trial, the prosecution presented evidence of the petitioner's three prior felony convictions in California.[7] On May 25, 1990, the jury found that the petitioner was an habitual criminal, and the trial court imposed a life sentence.

The petitioner moved for a proportionality review of his sentence. On July 23, 1991, the trial court issued a written order affirming the life sentence. The petitioner appealed his conviction and filed a motion for reconsideration and clarification of the trial court's order. He sought a determination of whether his California conviction for DUI-bodily injury was a "drug law conviction" for purposes of section 16–13–101(3). The court of appeals remanded, and the trial court found the petitioner's DUI-bodily injury conviction was a "drug law conviction" under section 16–13–101(3). Because the petitioner had only two prior felony convictions, the trial court resentenced him to twelve years in prison.

The prosecution appealed the trial court's ruling, and the court of appeals vacated the petitioner's sentence and remanded, holding that the petitioner's DUI-bodily injury conviction was not a "drug law conviction" under section 16–13–101(3). The court of appeals concluded the DUI-bodily injury conviction was a prior felony for purposes of section 16–

---

3. Section 18–4–203, 8B C.R.S. (1986) provides:

(1) A person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a crime against a person or property. (2) Second degree burglary is a class 4 felony, but it is a class 3 felony if:
(a) It is a burglary of a dwelling; or
(b) It is a burglary, the objective of which is the theft of a controlled substance, as defined in section 12–22–303(7), C.R.S., lawfully kept within any building or occupied structure.

4. Section 18–4–401, 8B C.R.S. (1986 & 1994 Supp.).

5. Section 16–13–101(2), 8A C.R.S. (1986), provides, in relevant part:

Every person convicted in this state of any felony, who has been three times previously convicted, upon charges separately brought and tried, and arising out of separate and distinct criminal episodes, either in this state or elsewhere, of a felony or, under the laws of any other state, the United States, or any territory subject to the jurisdiction of the United States, of a crime which, if committed within this state, would be a felony, shall be adjudged an habitual criminal and shall be punished by imprisonment in a correctional facility for the term of his or her natural life. Such former conviction or convictions and judgment or judgments shall be set forth in apt words in the indictment or information.

6. The petitioner lawfully entered a woman's apartment in the afternoon and learned that she would not be home during the evening. He broke into her home during the evening and stole a television set. Because the petitioner burglar-

ized a dwelling, the second-degree burglary conviction is a class 3 felony.

7. The trial court described the petitioner's three California felonies as follows (all references to the "Defendant" by the trial court are to the petitioner):

A. On December 9, 1977, the Defendant was convicted of second-degree murder in San Diego, California. This charge evidently involved a finding that the Defendant acted with diminished mental capacity. The Defendant was staying at a friend's house and got into an argument with another member of the household over the theft of the Defendant's wallet. That person was killed during what the Defendant claimed was self-defense but which the jury found was heat of passion manslaughter. The friend arrived home a short time later and was killed by an act of diminished capacity second-degree murder in which he was stabbed repeatedly. The Defendant was 17 years old at the time.
B. On December 19, 1984, the Defendant was convicted of DUI-bodily injury in San Diego, California. The Defendant lost control of his car at a high speed while driving with a blood alcohol level of approximately .21 percent. The victim was unable to avoid crashing into the Defendant's out-of-control car and suffered a swollen hand, a bruised shoulder, and a possible concussion.
C. On February 26, 1985, the Defendant was convicted of receiving stolen property in San Diego, California. The Defendant was believed to have stolen items from his ex-girlfriend sometime after she obtained a restraining order against him. The property the Defendant possessed consisted of $60 in cash, a set of keys, and a copy of the restraining order.

13–101 and the petitioner was properly sentenced as an habitual criminal.

## II

■■■ Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Whimbush v. People,* 869 P.2d 1245, 1249 (Colo.1994). Statutory words and phrases should be given effect according to their plain and ordinary meaning, and the statute must be read and considered as a whole. *City of Lakewood v. Mavromatis,* 817 P.2d 90, 96 (Colo.1991). In construing a statute, ambiguous language must be analyzed in context with, and with regard to, its intended purpose as manifested by the statutory scheme. *Harvey v. Harvey,* 841 P.2d 375, 379 (Colo.App.1992). The General Assembly is vested with constitutional authority to define criminal conduct and to delineate statutory bars and defenses to criminal prosecution. *People v. Guenther,* 740 P.2d 971, 977 (Colo.1987). Each provision of a statute must be construed in harmony with the overall statutory scheme in order to accomplish the purpose for which the statute was enacted. *People v. Johnson,* 797 P.2d 1296, 1297 (Colo.1990).

■■■ The petitioner was convicted of DUI-bodily injury in California pursuant to California Vehicle Code section 23153(a) (West 1985), which provided:

> It is unlawful for any person, while under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, which act or neglect proximately

causes bodily injury to any person other than the driver.

Section 23153(a) is included within California's Vehicle Code, not in its Health and Safety Code, where drug related offenses are codified. *See* Cal. Health & Safety Code §§ 11350–11392 (West 1991 & 1995 Supp.). Under California law, DUI-bodily injury is a motor vehicle offense, not a drug offense.

The Colorado analog to section 23153(a) is section 42–4–1202(1)(a), 17 C.R.S. (1993).[8] Title 42 governs the regulation of vehicles and traffic, not drug offenses. Although the Colorado General Assembly has not defined "drug law offense," offenses relating to drug use and controlled substances are governed by article 18 of title 18 of the Colorado Revised Statutes.

The General Assembly could have included driving under the influence of alcohol as a drug law offense under article 18 of title 18, but chose to categorize driving under the influence of alcohol as a vehicular offense under title 42. Under Colorado law, driving under the influence of alcohol is a vehicular offense, not a "drug law offense."

## III

■■■ The petitioner contends the court of appeals erred because section 16–13–101(3) is ambiguous. Under the rule of lenity, ambiguous statutes in the penal code are to be construed in favor of the accused. *People v. Lowe,* 660 P.2d 1261, 1268 (Colo.1983). Petitioner argues that in applying the rule of lenity to the present case, the phrase "drug law conviction" does include the California DUI-bodily injury conviction. We disagree.

> If a person operates or drives a motor vehicle while under the influence of any drug or intoxicant and this conduct is the proximate cause of serious bodily injury to another, he commits vehicular assault.

The trial court concluded that the injuries which resulted from petitioner's driving under the influence did not constitute "serious bodily injuries." Consequently, Colorado's analog to petitioner's DUI-bodily injury California conviction is § 42–4–1202(1)(a).

---

8. The court of appeals recognized the offense of driving under the influence is defined in § 42–4–1202(1)(a). *People v. Wilczynski* 873 P.2d 10, 12 (Colo.App.1993). Section 42–4–1202(1)(a) provides:

> It is a misdemeanor for any person who is under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, to drive any vehicle in this state.

In its July 18, 1991, order the trial court stated that § 18–3–205, 8B C.R.S. (1986), is the Colorado analog to Cal.Veh.Code § 23153(a). Section 18–3–205(1)(b)(I) states in relevant part:

In *People v. Forgey,* 770 P.2d 781 (Colo. 1989), we stated:

> While it is true that the rule of lenity requires that a penal statute be strictly construed in favor of a defendant, there is no prohibition against giving statutory words their full meaning in the context in which they are used. . . . The rule of lenity should be used only to resolve statutory ambiguity, and not to create it by disregarding the clear legislative purpose for which the statute was enacted.

*Forgey,* 770 P.2d at 783 (citations omitted). Because the General Assembly categorized driving under the influence as a vehicular offense and not a drug law offense, it is not necessary or proper to resort to the rule of lenity as a principle of statutory construction in this case.

### IV

■ The petitioner's DUI-bodily injury conviction was a felony under California law. *See* Cal.Veh.Code §§ 23153, 23180 (West 1985); Cal.Penal Code § 17 (West 1985). The trial court determined that, under Colorado law, petitioner's conviction would not have been a felony. However, for purposes of section 16–13–101, the California DUI-bodily injury conviction is a felony in Colorado. *See People v. Drake,* 785 P.2d 1257, 1267–68 (Colo.1990) (stating that " 'it makes no difference for the purposes of enhanced punishment that a previously committed crime is not a felony in Colorado if it is a felony where the conviction was had' ") (quoting *People v. Marquez,* 692 P.2d 1089, 1101 n. 18 (Colo.1984)). The court of appeals properly determined that the petitioner's DUI-bodily injury conviction, in addition to his two other California felony convictions, require that he be punished as an habitual criminal.

Accordingly, we affirm and return this case to the court of appeals with directions to remand to the trial court for the imposition of a life sentence.