The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Stephen Kurt PICHON, Defendant–Appellant.

No. 95CA0639.

Colorado Court of Appeals, Div. I.

March 21, 1996.

Rehearing Denied May 9, 1996.

Certiorari Denied Jan. 13, 1997.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

al, Roger G. Billotte, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Michael A. Warren, Colorado Springs, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Stephen Kurt Pichon, appeals his adjudication as an habitual criminal and the sentence imposed thereon, as well as the denial of his Crim.P. 35(c) motion for post-conviction relief. We affirm.

Defendant was charged with two counts of fraud and deceit for prescription medication forgery. By amended information, defendant was also charged with two counts as an habitual criminal based on prior felony convictions in 1986 and 1989. The trial court ruled that defendant was time-barred from attacking his prior felony convictions. Defendant was convicted of all charges at trial and appealed that judgment of conviction and sentence.

A division of this court remanded the cause with directions that the trial court reconsider its ruling with respect to the 1989 conviction in light of the excusable neglect exception announced in *People v. Wiedemer,* 852 P.2d 424 (Colo.1993). *People v. Pichon,* (Colo. App. No. 93CA0202, February 24, 1994) (not selected for official publication).

On remand, the trial court ruled that defendant was not time-barred from challenging his 1989 felony conviction because the untimeliness of the attack was attributable to excusable neglect. However, the trial court ruled that the 1989 felony conviction was valid.

Defendant thereafter filed a motion for reconsideration of the court's ruling. Defendant also initiated a Crim.P. 35(c) action for post-conviction relief on the ground that there had been a significant change in the law such that the interests of justice required retroactive application of the amended habitual criminal statute. The trial court denied both motions. This appeal followed.

I.

Defendant first argues that, because his 1989 guilty plea was not voluntary, the trial

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor Gener-

court erred in concluding that the conviction was valid for purposes of supporting defendant's conviction and sentencing as an habitual criminal. We disagree.

■ In the 1989 case, defendant was originally charged with one count of unlawful possession of a controlled substance (cocaine) and one count of unlawful distribution of a controlled substance (cocaine) in violation of § 18–18–105, C.R.S. (1986 Repl.Vol. 8B). Both offenses were charged as class three felonies. *See* § 18–18–105(2)(a)(I), C.R.S. (1986 Repl.Vol. 8B). Pursuant to a plea agreement, the prosecutor later filed an amended information charging defendant with one count of attempted distribution and sale of a controlled substance (cocaine), a class four felony. '

Defendant's peculiar claim is that, even though he was charged with a class three felony and was later allowed to plead guilty to a class four felony as part of a plea agreement, he should have been charged with a more serious class two felony under § 18–18–105(2)(a)(II), C.R.S. (1986 Repl.Vol. 8B), because he had a prior conviction for the same offense. Based on that premise, defendant asserts that his plea was involuntary because, if he had been properly charged with the more serious offense, it would have been impossible for the court to sentence him in accordance with the plea agreement (whereby defendant was free to apply for probation but would receive a maximum of four years if sentenced to imprisonment). Defendant's claim lacks merit for several reasons.

First, and most obviously, even if defendant was mischarged, the result was a windfall to him. Defendant benefited from the alleged error and now seeks to claim prejudice by speculating about what might have occurred if he had been charged with a more serious offense. Defendant received a sentence consistent with the terms of the plea agreement; thus, this claim of involuntariness fails. *See People v. Sandoval,* 809 P.2d 1058 (Colo.App.1990).

■ Furthermore, there is no merit to defendant's contention that he was illegally undercharged. The prosecutor has wide latitude in charging decisions and, for evident reasons, is never obligated to file the most serious available charges. *See generally People v. District Court,* 767 P.2d 239 (Colo. 1989). Hence, the prosecutor was free to exercise his discretion to file the charges as class three felonies under § 18–18–105(2)(a)(I), rather than as class two felonies pursuant to § 18–18–105(2)(a)(II).

Similarly without merit is defendant's claim that his plea was involuntary because the court could not legally impose a sentence consistent with the terms of the plea agreement. The four-year prison sentence defendant received was lawful because, contrary to defendant's claim, he was not subject to mandatory sentencing pursuant to § 18–1–105(9)(a)(II) & (III), C.R.S. (1986 Repl.Vol. 8B), which require extended sentences for one who commits an offense while on felony probation or parole. The record is clear that defendant was not on probation or parole for the 1986 conviction at the time that he committed the offense upon which the 1989 conviction was based.

Likewise, we also reject defendant's contention that he was ineligible to apply for probation. *See* § 16–11–201(2), C.R.S. (1986 Repl.Vol. 8A) (a defendant convicted of a class one, two, or three felony is ineligible for probation if convicted of a felony within the previous 10 years). Indeed, the record indicates that defendant did apply for probation and that it was denied, not that he was rejected as being ineligible.

The trial court correctly concluded that defendant's 1989 conviction was valid.

## II.

Defendant next argues that the trial court erred in denying his Crim.P. 35(c) motion for retroactive application of an amended version of the habitual criminal sentencing statute. We disagree.

The two counts of fraud and deceit for which defendant was convicted in this case were committed on October 14, 1991. Based on his 1986 and 1989 felony convictions, defendant was charged, convicted, and sentenced to 25 years imprisonment as an habitual criminal pursuant to § 16–13–101(1),

C.R.S. (1986 Repl.Vol. 8A) (defendant convicted of a felony punishable by a sentence of more than five years who has twice been convicted of separate felonies within the previous 10 years must be sentenced to 25 to 50 years imprisonment).

 In 1993, the General Assembly amended § 16–13–101(1) by specifying that habitual criminals with two prior felonies are to be sentenced to a term of imprisonment equal to three times the maximum sentence in the presumptive range for the class of felony for which the defendant is convicted. *See* Colo.Sess.Laws 1993, ch. 322, § 16–13–101(1) at 1975. By its terms, the 1993 amendment applied only to offenses committed on or after July 1, 1993. *See* Colo.Sess. Laws 1993, ch. 322 § 28 at 1992. And, as defendant concedes, by virtue of *People v. Kemp,* 885 P.2d 260 (Colo.App.1994), he is not entitled to resentencing under the 1993 ameliorative amendment.

Nevertheless, defendant maintains that he is entitled to resentencing under the provisions of the 1993 amendment to § 16–13–101(1) because that section was renumbered as § 16–13–101(1.5) (1995 Cum.Supp.) by a 1994 amendment. *See* Colo.Sess.Laws 1994, ch. 261 at 1470–72. We are not persuaded.

The 1994 amendment to § 16–13–101(1) was a substantive change that created a 40–year habitual criminal sentence for the most serious types of habitual criminals. Enactment of this new habitual sentencing statute as § 16–13–101(1) necessitated renumbering the former § 16–13–101(1) as § 16–13–101(1.5). Since this recodification was done without the slightest substantive amendment to the language originally added by the 1993 amendment, it is evident that the General Assembly omitted an effective date clause because it intended to maintain the original effective date of July 1, 1993. *See also People v. Gaskins,* 923 P.2d 292 (Colo.App.1996).

Accordingly, we reject defendant's assertion that there is any statutory ambiguity justifying application of the rule of lenity. *See Wilczynski v. People,* 891 P.2d 998 (Colo. 1995) (use of rule of lenity for statutory construction is inappropriate absent statutory ambiguity).

The trial court correctly denied defendant's Crim.P. 35(c) motion for resentencing.

Judgment, sentence, and order affirmed.

DAVIDSON and RULAND, JJ., concur.