No. 18,586.

MURIEL MACGREGOR *v.* BUEL F. PORTER.

(354 P. [2d] 489)

Decided July 25, 1960.

Mrs. VICTORIA F. GROSS, for plaintiff in error.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

DEFENDANT in error, hereinafter referred to as Porter, was plaintiff in the trial court. Plaintiff in error, to whom we will refer as Muriel, was defendant.

Porter was driving his panel truck westward on U. S. Highway 34 at a point about one and one-half miles east of Estes Park, Colorado, where he ran into a cow belonging to Muriel. The animal was one of a number of cattle

being driven across the highway by her. Porter's truck was damaged and Muriel's cow was killed. The accident occurred October 22, 1952, at 6:10 p.m. Porter brought an action in the county court to recover damages to his truck and Muriel counterclaimed for the loss of her cow.

We are told in the brief of counsel for Muriel that, "The lawsuit was tried to two juries in the County Court, on March 17, 1955, and, again, on November 27, 1956, without verdict in favor of either party. Both appealed to the District Court, * * *."

Upon trial in the district court without a jury, judgment was entered in favor of Porter for the sum of $499.87. Muriel seeks reversal by writ of error, her counsel contending that reversal should be ordered for two reasons, to-wit:

1. "It Was Error to Assign the Case for Trial to the Court and Ignore Defendant's Request for Jury."

2. "Plaintiff Failed to Sustain the Burden of Proof on the Issue of Damages."

The action was docketed in the district court December 12, 1956. At the pre-trial conference on March 25, 1957, counsel for Muriel orally requested a jury trial. The court did not rule upon the request but did set the case for trial on July 18, 1957. The trial did not take place until December 12, 1957. The record does not show any formal ruling by the court on the request for a jury. December 12, 1957, the court inquired as to whether the parties were ready for trial and each responded in the affirmative. Counsel for Muriel stated, inter alia, "We are ready for trial." No jury was present and no objection was made to going forward without it. Muriel having proceeded without objection to trial to the court without a jury, cannot, after adverse judgment at the hands of the court, claim error based upon the fact that no jury was impaneled. Her right to a jury trial was waived. *Johnson v. Neel,* 123 Colo. 377, 229 P. (2d) 939.

The second contention, that plaintiff failed to sustain

the burden of proof on the issue of damages, is gainsaid by our examination of the full transcript where we find ample evidence to sustain the judgment. It accordingly is affirmed.

MR. JUSTICE HALL and MR. JUSTICE DAY not participating.