**Larry WEBSTER and Barbara Webster, Plaintiffs–Appellees and Cross–Appellants,**

v.

**Robert J. BOONE, Kathleen A. Boone, and Lyons Excavating, Inc., Defendants–Appellants and Cross–Appellees.**

No. 97CA0816.

Colorado Court of Appeals, Div. V.

Feb. 18, 1999.

Certiorari Denied Jan. 18, 2000.

Sanderson & Associates, P.C., David S. Sanderson, Jeffrey S. Gard, Boulder, Colorado, for Plaintiffs–Appellees and Cross–Appellants.

Chrisman, Bynum & Johnson, P.C., Robert L. Matthews, F. Christopher Chrisbens, Boulder, Colorado, for Defendants–Appellants and Cross–Appellees Robert J. and Kathleen A. Boone.

Rodman & Ross–Shannon, John R. Rodman, Denver, Colorado, for Defendant–Appellant and Cross–Appellee Lyons Excavating, Inc.

Opinion by Judge VOGT.

Defendants, Robert J. Boone, Kathleen A. Boone, and Lyons Excavating, Inc., appeal the judgment entered on a jury verdict in favor of plaintiffs, Larry Webster and Barbara Webster, on claims of negligence, trespass, and nuisance. Plaintiffs cross-appeal. We reverse and remand for a new trial.

Defendants Robert and Kathleen Boone, the owners of defendant Lyons Excavating Co., own property adjacent to and uphill from plaintiffs' property in Lyons, Colorado.

When plaintiffs purchased their property, a portion of an abandoned railroad grade, ten to twenty feet high, traversed defendants' property. The grade obstructed the flow of surface water in the area.

Between 1989 and 1993, defendants removed a portion of the railroad grade. During a severe thunderstorm in August 1994, approximately three inches of rain fell in less than an hour. As a result, a significant amount of water, mud, and other debris flowed from defendants' property to plaintiffs' property, causing damage to plaintiffs' home and belongings.

Plaintiffs sued for damages and injunctive relief. The jury returned a verdict for plaintiffs on their trespass, private nuisance, and negligence claims, awarding them $190,000

for economic damages and $190,000 for non-economic damages. Plaintiffs withdrew their request for injunctive relief. Defendants' motion for a new trial or remittitur was denied.

## I.

Defendants contend that the trial court's instructions and evidentiary rulings permitted plaintiffs to recover emotional distress damages even though such damages are not available under Colorado law on their claims for relief. We agree.

Prior to trial, defendants filed a motion in limine to exclude any evidence of plaintiffs' emotional distress. They pointed out that plaintiffs had not pleaded a separate claim for recovery for emotional distress, that emotional distress damages were not ordinarily recoverable for damage to property, and that both plaintiffs had testified they did not believe defendants acted maliciously or with an intent to harm them. The trial court ruled that plaintiffs would not be permitted to characterize their claim as one for "emotional distress" but that, as part of the evidence to establish their claims for annoyance and discomfort damages, they could testify to how they felt when the flood destroyed their personal possessions.

The trial court also denied defendants' motion in limine to preclude any reference to the fact that plaintiffs' children were deceased, although it ordered that such testimony was to be limited. The court reasoned that testimony that some of the personal belongings lost in the flood consisted of school papers, pictures, and other momentos of plaintiffs' deceased children was relevant to the jury's determination of the value of this lost property.

Consistent with its evidentiary ruling regarding emotional distress, the court instructed the jury that it could award damages only for economic losses on plaintiffs' negligence claim but that it could award damages for both economic and noneconomic losses, including "annoyance, discomfort, and distress," on their trespass and nuisance claims.

## A.

■ In the absence of fraud, malice, or other willful and wanton conduct, there is generally no recovery in tort for mental suffering resulting from injury to property. *See Valley Development Co. v. Weeks*, 147 Colo. 591, 364 P.2d 730 (1961); *McNeill v. Allen*, 35 Colo.App. 317, 534 P.2d 813 (1975).

The trial court here properly recognized that plaintiffs could not recover for emotional distress on their negligence claims. *See Towns v. Anderson*, 195 Colo. 517, 579 P.2d 1163 (1978); *Williams v. Continental Airlines, Inc.*, 943 P.2d 10 (Colo.App.1996) (no recovery for emotional distress, unaccompanied by physical manifestations, on a simple negligence claim not involving either willful or wanton conduct or the creation of an unreasonable risk of bodily harm).

■ However, the court permitted plaintiffs to testify to their distress when the flood destroyed their personal possessions as part of the evidence to establish their entitlement to damages for annoyance and discomfort, and it instructed the jury that it could award damages for such distress on plaintiffs' trespass and nuisance claims. We conclude that the emotional distress to which plaintiffs testified was not a basis for recovery on these claims and that the jury should not have been so instructed.

■ Damages available on trespass and nuisance claims can include not only diminution of market value or costs of restoration and loss of use of the property, but also discomfort and annoyance to the property owner as the occupant. *Board of County Commissioners v. Slovek*, 723 P.2d 1309 (Colo.1986); *Burt v. Beautiful Savior Lutheran Church*, 809 P.2d 1064 (Colo.App. 1990).

■ We recognize that annoyance and discomfort by their very nature include a mental or emotional component, and that some dictionary definitions of these terms include the concept of distress. Nevertheless, the "annoyance and discomfort" for which damages may be recovered on nuisance and trespass claims generally refers to distress arising out of physical discomfort, irritation, or

inconvenience caused by odors, pests, noise, and the like.. *See Staley v. Sagel*, 841 P.2d 379 (Colo.App.1992) (affirming damages on nuisance claim based on effects of dust, smell, and waste disposal from neighboring hog farm); *Burt v. Beautiful Savior Lutheran Church, supra* (damages on trespass claim included loss of use of basement and discomfort and annoyance caused by smell in the home following water damage); *Miller v. Carnation Co.*, 39 Colo.App. 1, 564 P.2d 127 (1977) (damages for annoyance and discomfort caused by flies and rodents from neighboring poultry ranch); *see also Krebs v. Hermann*, 90 Colo. 61, 6 P.2d 907 (1931) (plaintiff entitled to injunction on nuisance claim against kennel where offensive odors and barking dogs deprived him and his family of sleep).

Our cases have permitted recovery for annoyance and discomfort damages on nuisance and trespass claims while at the same time precluding recovery for "pure" emotional distress. *See Slovek v. Board of County Commissioners*, 697 P.2d 781 (Colo.App.1984) (holding that damages for annoyance and discomfort were available on trespass claim, but that recovery for emotional distress was not available where there was no allegation of negligent infliction of emotional distress or outrageous conduct), *aff'd*, 723 P.2d 1309 (Colo.1986); *Calvaresi v. National Development Co.*, 772 P.2d 640 (Colo.App.1988) (in action for tortious injury to land, plaintiffs were entitled to put on evidence to establish discomfort, annoyance, physical illness, and loss of use and enjoyment of property, but were not entitled to recover damages for emotional distress).

Courts in other jurisdictions have held that the general rule barring recovery for emotional distress without accompanying physical injury applies to nuisance and trespass claims. *See Maddy v. Vulcan Materials Co.*, 737 F.Supp. 1528 (D.Kan.1990) (no recovery for emotional distress on trespass and nuisance claims); *Coddington v. Staab*, 716 So.2d 850 (Fla.App.1998) (damages for emotional or mental harm were outside the scope of damages for trespass); *see also Boughton v. Cotter Corp.*, 65 F.3d 823 (10th Cir.1995) (under Colorado law, unfounded fears of cancer were not compensable as annoyance and discomfort damages on nuisance and trespass claims).

Here, plaintiffs testified regarding the time and effort they expended in cleaning up the basement, the smell caused by the flooding, and the inconvenience and interference with their ability to pursue their hobbies that resulted from the water and mud in the basement. This testimony was properly admitted to support their claim for damages for annoyance and discomfort.

However, in accordance with the court's ruling, plaintiffs also testified to the impact on them of the loss of their personal property, including keepsakes they had had since childhood and momentos of their children, who were deceased. Both testified that there was no way of assigning a monetary value to the lost items. Barbara Webster testified that the events had made her husband unhappy, that she and her husband now "get in each other's hair," that it was painful for her to recall what had happened, and that the experience had been "almost like another death."

This testimony went to a kind of distress which, however genuine, was not within the scope of damages recoverable as annoyance and discomfort.

Nor was the testimony admissible on the basis that it was relevant to a determination of the value of plaintiffs' lost property.

Although there are varying standards for measuring damages for the loss of photographs and similar items of personal property which either have no market value or whose value to the owner is greater than their market value, we agree with those decisions that have declined to allow recovery for the sentimental or emotional value of such items. *See Landers v. Municipality of Anchorage*, 915 P.2d 614 (Alaska 1996) (proper standard for measuring damages resulting from destruction of photographs and videotapes was their value to the owner, which could include such items as cost of replacement, original cost, and cost to reproduce, but not sentimental and emotional value); *Nichols v. Sukaro Kennels*, 555 N.W.2d 689 (Iowa 1996) (no recovery for mental and emo-

tional distress suffered by pet owners who sued kennel for negligent injury to their pet); *Blagrove v. JB Mechanical, Inc.*, 934 P.2d 1273, 1276 (Wyo.1997) (denying recovery for emotional distress arising from flood damage to plaintiffs' home and personal possessions, and observing that courts "must balance the interest of the injured parties against the view that a negligent act should have some end to its legal consequences"); *see also* Restatement (Second) of Torts § 911 comment e (1979) (damages for loss of property of "peculiar value to the owner" may include damages for replacement value and the like, but generally cannot include emotional distress caused by the loss of the property).

In sum, we conclude that plaintiffs' testimony regarding their emotional distress should not have been admitted. The jury was also incorrectly instructed that it could award damages for plaintiffs' "distress" and did in fact award plaintiffs a substantial sum for noneconomic losses. We further conclude that the admission of testimony concerning emotional distress and the erroneous jury instruction, taken together, cannot be deemed harmless but, instead, require reversal of the judgment and remand for a new trial.

### B.

In a related claim, defendants assert that they were entitled to a new trial because the damages awarded were "patently excessive" and were the product of sympathy elicited, in large part, by references to plaintiffs' deceased children. Because we are remanding for a new trial, we do not decide whether the limited references to plaintiffs' children would, without more, require reversal. Nor do we decide whether the damages award was proper in light of the other evidence of plaintiffs' economic and noneconomic losses. However, we reiterate that, on remand, evidence regarding plaintiffs' emotional distress resulting from the loss of personal property relating to their deceased children is not to be admitted as relevant to their damages claim.

Because the other issues raised by defendants are unlikely to arise on remand, we do not address them here.

### II.

### A.

■ On cross-appeal, plaintiffs first contend that the trial court erred in refusing to instruct the jury that they could recover damages for emotional distress on their negligence claim. However, as set forth above, emotional distress damages are not recoverable on a negligence claim in the absence of physical manifestations of the distress, creation of an unreasonable risk of bodily harm, or willful and wanton conduct. *See Towns v. Anderson, supra; Williams v. Continental Airlines, Inc., supra.* None of these exceptions was present here. Thus, the trial court did not err in refusing to instruct the jury that it could award emotional distress damages on plaintiffs' negligence claim.

### B.

We also reject plaintiffs' contention that the trial court erred in granting defendants' motion for directed verdict on their exemplary damages claim.

■ Conduct that is merely negligent cannot serve as a basis for exemplary damages. A party requesting exemplary damages must prove beyond a reasonable doubt that the injury complained of is attended by circumstances of fraud, malice, or insult, or wanton and reckless disregard of the injured party's rights and feelings. *Tri–Aspen Construction Co. v. Johnson*, 714 P.2d 484 (Colo.1986); *see* § 13–21–102, C.R.S.1998.

■ In resolving the question whether to grant a defendant's motion for directed verdict on this issue, the trial court must view the evidence in the light most favorable to the party against whom the motion is directed. However, in the absence of evidence upon which a jury could justifiably find a basis for exemplary damages beyond a reasonable doubt, the court should take the claim from the jury and enter judgment for the moving party. *Tri–Aspen Construction Co. v. Johnson, supra.*

■ Here, the trial court concluded that, based upon the evidence, no reasonable jury

could find beyond a reasonable doubt that the removal of the railroad grade was a willful and wanton act or that it was done to harm plaintiffs. Viewing the evidence in the light most favorable to plaintiffs, the court found that defendants did not foresee the removal of the grade as creating a risk of flooding or harm to the property, and that the jury would not be able to conclude otherwise.

The trial court applied the proper legal standard in ruling on defendants' directed verdict motion, and the record of the evidence introduced at trial supports the court's conclusion. Accordingly, it was not error to take the exemplary damages claim from this jury.

### C.

Finally, plaintiffs contend that the trial court erred in failing to award them fees and costs for defendants' "groundless defenses" and "substantially groundless" motions for summary judgment, and that it erred in summarily denying their motions for attorney fees without a hearing and without making sufficient findings and conclusions. We do not agree.

 The decision whether to award attorney fees under § 13–17–102, C.R.S.1998, is committed to the sound discretion of the trial court, see Engel v. Engel, 902 P.2d 442 (Colo.App.1995), as is the determination whether a defense or claim is groundless within the meaning of that section. Travers v. Rainey, 888 P.2d 372 (Colo.App.1994). A defense is groundless if it is not supported by any credible evidence. Travers v. Rainey, supra.

 The trial court found that neither the summary judgment motions nor the defenses challenged by plaintiffs were groundless, noted that the issues had been "fairly and vigorously litigated," and denied plaintiffs' fee requests. The record demonstrates that there was at least some evidence to support the challenged defenses and that the court's denial of plaintiffs' fee requests was thus not an abuse of discretion.

 Nor are plaintiffs entitled to relief based on the trial court's summary disposition of their motions. Plaintiffs did not request a hearing on their motions for fees. A party who fails to make a timely request for a hearing concerning an award of attorney fees and costs waives the right to a hearing. The trial court is under no obligation to conduct a hearing sua sponte. In re Marriage of Aldrich, 945 P.2d 1370 (Colo. 1997); see also Christian v. Westmoreland, 809 P.2d 1105 (Colo.App.1991) (absent specific request to present further evidence on whether claim or defense was groundless, frivolous or vexatious, court does not abuse its discretion in denying fee request without a hearing).

Further, although § 13–17–103, C.R.S. 1998, sets forth factors which the court shall consider when granting an award of fees, that section does not require the court to make findings based on these factors when it denies a request for fees.

The judgment is reversed, and the cause is remanded for a new trial in accordance with the views expressed in this opinion.

Judge DAVIDSON and Judge BRIGGS concur.