**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Neal R. JONES, Defendant–Appellant.**

**No. 99CA0024.**

Colorado Court of Appeals,
Div. III.

Dec. 9, 1999.

Ken Salazar, Attorney General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Neal R. Jones, Pro Se.

Opinion by Judge CASEBOLT.

Defendant, Neal R. Jones, appeals the order denying his motion for post-conviction relief pursuant to Crim. P. 35(c). We affirm.

Pursuant to a plea agreement, defendant pleaded guilty to sexual assault on a child, and the remaining charges against him were dismissed. In addition, the prosecution stipulated that defendant's Department of Corrections (DOC) sentence would not exceed eight years.

Defendant was sentenced to an eight-year prison term. The mittimus does not indicate that defendant's sentence included a mandatory period of parole.

Acting *pro se*, defendant thereafter filed this Crim. P. 35(c) motion, seeking to have his sentence modified. He claimed that, upon being incarcerated, he learned he would be required to serve a five-year period of parole after completing his prison sentence.

He claimed that his plea agreement called for an eight-year cap on his aggregate sentence, including any mandatory parole period; that he was not advised that he would be required to serve such a parole period after completing his prison sentence; and that his eight-year prison sentence plus the five-year parole period exceeded the stipulated eight-year cap.

The trial court denied the motion without holding a hearing, concluding that defendant had been adequately advised in a "Request to Plead Guilty" form that he would be required to serve the mandatory parole period.

Defendant contends the trial court erred by denying his motion. We disagree.

Defendant alleged in his motion, and the parties represented in their briefs, that, pursuant to § 18–1–105(1)(a)(V)(C), C.R.S.1999, defendant would be required to serve a mandatory five-year parole period after completing his prison sentence.

Section 18–1–105(1)(a)(V)(C) provides that a defendant who is convicted of a felony sex offense committed after July 1, 1993, but before July 1, 1996, and sentenced to a term of imprisonment, must serve a mandatory five-year period of parole after completing the prison sentence. *See also People v. Martin,* 987 P.2d 919 (Colo.App.1999), *(cert. granted,* November 1, 1999). Here, however, defendant was convicted of a felony sex offense committed *after* July 1, 1996.

The portion of § 18–1–105(1)(a)(V)(C) applicable here provides that:

[T]he period of parole for a person convicted of a felony offense committed on or after July 1, 1996, pursuant to part 4 of article 3 of this title, or part 3 of article 6 of this title, shall be set by the state board of parole pursuant to section 17–2–201(5)(a.5), C.R.S., but in no event shall the term of parole exceed the maximum sentence imposed upon the inmate by the court.

■ Thus, felony sex offenders who committed their crimes between July 1, 1996, and November 1, 1998, and who were sentenced to a term of incarceration, are subject to *discretionary* parole, not mandatory parole. *See also People v. Martin, supra;* §§ 18–1–

105(1)(a)(V)(C.3) and (C.5), C.R.S.1998 (applicable to crimes committed after November 1, 1998).

■ Accordingly, contrary to the parties' representations, defendant's sentence does not include a mandatory five-year parole period. And, because defendant's sentence does not include a mandatory parole period, the providency court was not required to advise him regarding mandatory parole.

We thus conclude that the trial court correctly denied defendant's motion, albeit for the wrong reason. *See Lindsey v. People,* 892 P.2d 281 (Colo.1995) (a correct result will be upheld on review, even if the reason for the trial court's ruling was wrong); *People v. Jenkins,* 768 P.2d 727 (Colo.App.1988) (same).

The order is affirmed.

Judge PLANK and Judge ROY concur.