Ivory **CHRYAR** and Elaine Bailey,
Plaintiffs–Appellees and
Cross–Appellants,

v.

Duane **WOLF**, a/k/a Dawn Duane
Wolf, Defendant–Appellant
and Cross–Appellee.

No. 99CA1360.

Colorado Court of Appeals,
Div. IV.

Sept. 14, 2000.

Certiorari Denied March 19, 2001.

Alpern, Myers, Stuart, Scheuerman & Levinson, LLC, Jack J. Scheuerman, Colorado Springs, Colorado, for Plaintiffs–Appellees and Cross–Appellants.

Kane, Donley & Johnson, P.C., HayDen W. Kane, II, Colorado Springs, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge DAILEY.

Challenging only the amount of damages awarded, defendant, Dawn Duane Wolf, appeals from a judgment for plaintiffs, Ivory Chryar and Elaine Bailey, on their claims of conversion, breach of bailment, and outrageous conduct. Chryar and Bailey cross-appeal the trial court's failure to rule on their civil theft claim. We affirm in part and reverse in part.

### I. Background

Wolf, an experienced landlord, rented an apartment to Chryar under a lease agreement. Bailey often visited Chryar in the apartment.

After Chryar failed to pay rent on time, Wolf filed an unlawful detainer action against him. Although Chryar was not scheduled to appear in court on the matter until March 20, 1995, on March 12, while both plaintiffs were away from the apartment, Wolf removed their personal property from the premises and placed it on the street with a sign saying "Free Take."

On March 13, Chryar returned to find some of his property out on the street. He was ordered evicted from the apartment following the court hearing on March 20.

Subsequently, Chryar and Bailey brought this action to recover damages for the personal property they lost as a result of Wolf having prematurely put it out on the street. They claimed Wolf improperly converted their property, breached a bailment agreement, and committed civil theft. Chryar also claimed Wolf was liable under a claim of outrageous conduct.

Wolf counterclaimed, seeking damages for breach of the lease agreement.

At the close of the bench trial, the trial court did not rule on plaintiffs' civil theft claim. However, it found for plaintiffs with respect to the other claims and awarded Bailey $905 in actual damages, Chryar $5,805 in actual damages, and exemplary damages equal to actual damages. The court also offset Chryar's judgment by $720 that he owed Wolf for unpaid rent, and it awarded the plaintiffs attorney fees and costs.

### II. Damages

Wolf contests $3850 of the $5805 actual damages awarded to Chryar for certain lost personal property consisting of photographs, journals, a family Bible, a copy of the Koran, a chessboard, a military album, a military jacket, a pair of military boots, various certificates documenting personal achievements, and personal journals and short novels Chryar was writing. According to Wolf, the $3850 amount was supported only by incompetent evidence of the property's sentimental value to Chryar.

For the most part, we agree that the evidence supporting the $3850 portion of the award was primarily in the nature of the properties' sentimental value; we disagree, though, that it could not be considered under the circumstances of this case.

In *Webster v. Boone,* 992 P.2d 1183, 1186 (Colo.App.1999), a panel of this court stated:

"Although there are varying standards for measuring damages for the loss of photographs and similar items of personal property which either have no market value or whose value to the owner is greater than their market value, we agree with those decisions that have declined to allow recovery for the sentimental or emotional value of such items."

However, the *Webster* case itself involved damages awarded upon trespass, private nuisance, and negligence claims; it did not involve, as this case does, damages awarded for outrageous conduct, otherwise known as intentional or reckless infliction of emotional distress. *See Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

At various points in its opinion, the *Webster* panel intimated that parties may be able to recover for mental suffering for property lost as a result of another's outrageous conduct or intentional tort. *See Webster v. Boone, supra,* 992 P.2d at 1185 ("In the absence of fraud, malice, or other willful and wanton conduct, there is generally no recovery in tort for mental suffering resulting from injury to property"); and 992 P.2d at 1186 (citing *Slovek v. Board of County Commissioners,* 697 P.2d 781 (Colo.App.1984) as holding that "recovery for emotional distress was not available where there was no allegation of negligent infliction of emotional distress or outrageous conduct").

Although photographs and other memorabilia may have little market value, they often have great sentimental and emotional value to a particular person. The loss of the sentimental and emotional value attached to a particular piece of lost or damaged property may result in emotional distress not accounted for by reference to its market value. Consequently, at least where compensation is sought for the intentional or reckless infliction of emotional distress, sentimental and emotional value of lost or damaged property may be considered in measuring damages for such emotional distress. *See* 1 D. Dobbs, *Law of Remedies* § 5.15(3) at 895 (2d ed. 1993)("The mental distress damages recoverable in such cases are a part of the personal injury claim, not a part of the property damage claim").

Other jurisdictions have applied this principle in a number of different contexts. *See Landers v. Municipality of Anchorage,* 915 P.2d 614 (Alaska 1996)(discussing prior Alaska cases on pets and other items of personal property); *La Porte v. Associated Independents, Inc.,* 163 So.2d 267 (Fla.1964)(killed pet); *Gill v. Brown,* 107 Idaho 1137, 695 P.2d 1276 (Idaho App.1985)(same); *Birchler v. Castello Land Co.,* 81 Wash.App. 603, 915 P.2d 564 (1996)(destroyed trees and shrubs), *aff'd* 133 Wash.2d 106, 942 P.2d 968 (1997). *Cf. Campins v. Capels,* 461 N.E.2d 712 (Ind.App.1984)(allowing damages based on sentimental value attached to auto racing championship rings which were destroyed through another's criminal act; naming heirlooms, family papers and photographs, handicrafts, and trophies as other items of sentimental value).

■ Persuaded by these authorities, we now hold that sentimental and emotional value of property may be considered in awarding damages in connection with claims for intentional or reckless infliction of emotional distress. Only a reasonable, and not unusual, sentimental and emotional value may be considered in such actions. *See Campins v. Capels, supra,* 461 N.E.2d at 721 (by "sentimental value, we do not mean mawkishly emotional or unreasonable attachments to personal property"; the question is: "are [the] items generally capable of generating sentimental feelings, not just emotions peculiar to the owner. In other words, any owner of [the damaged or lost items] would have similar feelings").

We acknowledge the difficulty in "dealing with the computation of a virtually unmeasurable mental process, sentiment." *Campins v. Capels, supra,* 461 N.E.2d at 722. But this presents no greater challenge than what is normally occasioned in assessing damages for emotional distress. *See Allabashi v. Lincoln National Sales Corp.,* 824 P.2d 1 (Colo.App. 1991). It will, in the end, be for the trier of fact to make this determination. *See Smith v. Hoyer,* 697 P.2d 761 (Colo.App.1984).

■ Here, Chryar asserted a claim for outrageous conduct against Wolf. Such tort involves intentionally or recklessly causing

emotional distress to another through conduct which goes so far beyond the bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized community. *See Churchey v. Adolph Coors Co., supra.*

The trial court found that Wolf's conduct did rise to such a level. Wolf does not contest this finding, other than to suggest that her conduct did not cause Chryar severe emotional distress. However, the record reflects that Wolf's conduct was "the straw that broke the camel's back" and triggered two suicide attempts on his part.

■ The trial court awarded Chryar $3850 for items whose value to Chryar was largely sentimental or emotional in nature. The court's award in this respect was, however, significantly lower than what Chryar requested. The trial court's award was not, under the circumstances, unreasonable, and we will not set it aside simply because the court may have erroneously categorized this amount as property, rather than emotional distress, damages. *See People v. Jones,* 992 P.2d 710 (Colo.App.1999)(a correct result will be upheld upon appeal, even if the reason for the trial court's ruling was wrong).

### III.   Civil Theft Claim

On cross-appeal, plaintiffs Chryar and Bailey assert that the trial court erred in not ruling on their civil theft claim. We agree.

Plaintiffs' civil theft claim is premised upon § 18–4–405, C.R.S.2000, which provides:

**Rights in Stolen Property.** All property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right to such property. The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property. In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees; . . .

Wolf argues only that plaintiffs' civil theft claim is precluded by the decision in *Itin v.*

*Bertrand T. Ungar,* P.C., 978 P.2d 142 (Colo. App.1998)(*cert. granted* June 21, 1999), in which a panel of this court construed § 18–4–405 as requiring the property owner to show that the original taker of the property had been convicted of theft, burglary, or robbery. No such showing could be made with respect to Wolf.

We decline, however, to follow the panel's decision in *Itin* and determine that plaintiffs are indeed entitled to a ruling with respect to their civil theft claim.

■ Our task in construing a statute is to determine and give effect to the intent of the General Assembly. *State v. Nieto,* 993 P.2d 493 (Colo.2000).

■ To determine legislative intent, we look first to the plain language of a statute, and if we can give effect to the ordinary meaning of the words, then the statute should be construed as written. *State v. Nieto, supra.*

Significantly, nowhere in § 18–4–405 does the General Assembly condition a damage award upon a showing of a "conviction" by the taker; indeed, the words "convict," "convicted," and "conviction" do not even appear in the statute.

Further, there is no intimation in § 18–4–405 that the action it authorizes must follow in the wake of a criminal proceeding. The specified action is a special statutory proceeding which is governed by the rules of civil procedure and by statutes of limitations which apply to civil actions. *See Michaelson v. Michaelson,* 923 P.2d 237 (Colo.App.1995), *rev'd on other grounds,* 939 P.2d 835 (Colo. 1997). Had the General Assembly intended to impose particular or heightened evidentiary requirements, it would have done so. *See Michaelson v. Michaelson, supra* (statute of limitations issue). We certainly are not permitted, under the guise of statutory construction, to add this important limitation to the statute. *See generally People in Interest of C.A.G.,* 903 P.2d 1229 (Colo.App.1995).

Finally, the General Assembly's decision not to require proof of a criminal conviction in a § 18–4–405 action makes sense. Otherwise, the right of owners to recover $200 or

treble damages, whichever is greater, would depend largely upon circumstances beyond their control; for instance, on whether the takers or possessors of the property are ultimately successfully prosecuted for the crimes of burglary, theft, or robbery. *See People v. Pichon,* 929 P.2d 3 (Colo.App.1996)(district attorney is not obligated to file most serious available charges); *Lucero v. Goldberger,* 804 P.2d 206 (Colo.App.1990)(district attorney had discretion to determine whether charges should be prosecuted, dropped, or bargained).

Since we must presume that the General Assembly intended § 18–4–405 to achieve a just and reasonable result, *see* § 2–4–201(1)(c), C.R.S.2000, we cannot interpret the statute arbitrarily to grant to some and deny to others the right to seek damages, based on the ad hoc decisions of prosecutors throughout the state.

Consequently, we hold, contrary to *Itin v. Ungar, supra,* that damages may be obtained under § 18–4–405 without proof that the taker of stolen property was convicted of theft, burglary, or robbery. *See also Campins v. Capels, supra* (reaching similar conclusion, with respect to analogous statute in Indiana).

In light of this determination, we conclude that plaintiffs were not barred from asserting a § 18–4–405 claim because of their failure to show that Wolf had had been convicted of theft, burglary, or robbery.

Accordingly, the judgment is affirmed in regard to the damages awarded. The failure of the trial court to rule on the merits of plaintiffs' § 18–4–405 claim is reversed, and the cause is remanded for further proceedings on that claim.

Judge MARQUEZ and Justice ERICKSON *, concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),