25CA0347 Hall v Cordell 01-29-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0347
Weld County District Court No. 24CV30063
Honorable Kimberly B. Schutt, Judge

Andrea M. Hall,

Plaintiff-Appellant,

v.

Travis Cordell and Monika Cordell,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE MEIRINK
J. Jones and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 29, 2026

Law Office of Ingrid J. DeFranco, Ingrid J. DeFranco, Brighton, Colorado, for
Plaintiff-Appellant

Womble Bond Dickinson (US) LLP, Kendra N. Beckwith, Nathan B. Thoreson,
Denver, Colorado, for Defendants-Appellees

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Plaintiff, Andrea M. Hall, appeals a part of the district court's judgment in her favor against defendants, Travis and Monika Cordell (the Cordells).[1]  Specifically, before trial, the district court denied Hall recovery for noneconomic damages for the death of her dog.  We affirm.

## I.     Background

¶ 2     At the time of the incident, Hall had two dogs.  In November 2023, Hall let both dogs out in her fenced-in backyard.  Hall was on the phone while the dogs were outside, but she heard barking coming from the backyard.  After the barking stopped, only her golden retriever came to the back door.  While Hall was still talking on the phone, her neighbor, Travis, came to her backdoor with Sadie, Hall's toy poodle, in his arms.  Travis told Hall that the Cordells' dog, Bear, had jumped the fence between their yards and had severely injured Sadie.

¶ 3     Hall and Travis drove Sadie to a veterinarian.  The veterinarian told Hall that Sadie had sustained major injuries, would need to be

---

[1] Because the Cordells share the same last name, we refer to the husband by his first name to avoid confusion.  We intend no disrespect in doing so.

transported to a different clinic to receive care, and probably would not survive being transported. Hall's husband then arrived at the clinic and asked Travis to drive Hall's car back to Hall's house. Before leaving, Travis paid the veterinarian's bill. Sadie was euthanized because of her injuries.

¶ 4     After the incident, Hall and her husband spoke to other neighbors and learned that Bear had previously escaped from the Cordells' yard and had bitten a neighbor's granddaughter on the hand. Hall then reported the incident between Bear and Sadie to the police. The Cordells were issued a summons and pleaded guilty in municipal court to owning, keeping, harboring, or possessing a vicious dog.

¶ 5     In January 2025, Hall filed a complaint against the Cordells, asserting claims for negligence, negligence per se, and gross negligence. She sought economic and noneconomic damages. The Cordells moved for partial summary judgment on Hall's request for noneconomic damages, claiming that, as a matter of law, Hall could not seek noneconomic damages for the loss of her dog. The court agreed and granted the motion, having concluded that recovery of

damages for the loss of a pet is limited to the actual or intrinsic value of the pet even when gross negligence is alleged.

¶ 6     Hall moved the court to reconsider and clarified that her claim for gross negligence was different from her claim for negligence because it was based on the Cordells' "willful and wanton" conduct. Specifically, Hall argued that the Cordells allowed Bear to enter Hall's yard despite knowing that Bear had previously escaped from their backyard, their yard lacked containment fencing on three sides, and Bear had previously bitten a child. Hall argued that the case law supported recovery of noneconomic damages based on gross negligence and that the jury should decide whether the Cordells' conduct was willful and wanton. Hall therefore asked the court to "permit her to present her claim for [noneconomic] damages to the jury, contingent on a finding of gross negligence," but the court denied the motion.

¶ 7     Before trial, the parties filed a proposed stipulated trial management order in which they agreed that the "only issue left to be tried [wa]s [Hall's] alleged property damages." The Cordells admitted liability for Sadie's injuries but disputed the amount of

Hall's claimed damages.  Hall reasserted her claims for negligence, negligence per se, and gross (or willful and wanton) negligence.

¶ 8    As an exhibit to the proposed trial management order, Hall submitted a list of proposed trial witnesses, which included herself, her husband, the treating veterinarian, a dog training expert, the neighbors whose granddaughter had been bitten by Bear, the responding code enforcement officer, and an individual who interviewed the veterinarian.  Because the sole issue left to be tried was Hall's alleged property damage, however, the Cordells moved in limine to exclude all witness testimony and exhibits apart from Hall's testimony and the receipts for a replacement poodle.  Hall did not file an objection.

¶ 9    Following the pretrial conference, the court issued an order granting the Cordells' motion in limine and adopting the stipulated trial management order.  The court's order noted that the parties agreed to waive a jury trial.

¶ 10   A few days before trial, Hall submitted an offer of proof relevant to the gross negligence issue, which included photographic exhibits of Bear in the Cordells' backyard and a list of witnesses from whom Hall would elicit testimony, including other neighbors

and a dog trainer. Hall's counsel mentioned the offer of proof at the bench trial, and the court clarified that it was filed for "appellate purposes" and was "not evidence that [the court was] considering today."

¶ 11 The court awarded Hall $3,500 for costs to purchase a replacement poodle, $800 for veterinary fees to spay the new poodle, $300 for the cost of equivalent training, and $168.02 in prejudgment interest.

## II. Analysis

¶ 12 Hall contends that the court erred by (1) granting the Cordells' motion for partial summary judgment and holding that noneconomic damages, including those for emotional distress, are not recoverable for the loss of a pet even when gross negligence is alleged; and (2) not allowing a jury to determine whether the Cordells were grossly negligent. We disagree with both contentions.

### A. Preservation

¶ 13 As an initial matter, the Cordells contend that Hall failed to preserve her argument that a jury should have decided her gross negligence claim because the parties agreed to a bench trial to resolve only the amount of damages. We agree that Hall waived her

request for a jury trial, but she did not waive her argument that noneconomic damages for emotional distress are recoverable under a gross negligence claim.

### 1. Applicable Law

¶ 14 Whether a party preserved an issue for appeal is a threshold question; we will not review issues that are insufficiently preserved. *Rinker v. Colina-Lee*, 2019 COA 45, ¶ 22. An argument "is preserved for appeal when it is brought to the court's attention and the court ruled on it." *In re Marriage of Turilli*, 2021 COA 151, ¶ 12. An argument that is not presented to the trial court is deemed waived. *O'Connell v. Biomet, Inc.*, 250 P.3d 1278, 1282 (Colo. App. 2010).

### 2. Analysis

¶ 15 The Cordells contend — and we agree — that Hall waived her right to a jury trial by stipulating to a bench trial. Hall requested a jury trial in her complaint, but following a pretrial conference, "the parties agreed to waive the jury [trial] and [to] proceed to a one day court trial." A party who demands a jury but proceeds to a court trial without objection waives the demand for a jury. *MacGregor v. Porter*, 354 P.2d 489, 489-90 (Colo. 1960). Because Hall did not

provide a transcript of the pretrial hearing as part of the record on appeal or provide evidence that she objected, we presume that the findings detailed in the trial management order support the court's conclusion that the parties agreed to waive the jury trial. *See Love v. Klosky*, 2016 COA 131, ¶ 18, *aff'd on other grounds*, 2018 CO 20; *Till v. People*, 581 P.2d 299, 299 (Colo. 1978) ("In the absence of a transcript, we will presume that the findings and conclusions of the trial court are correct, and that the evidence supports the judgment.").

¶ 16    The Cordells also argue that while the stipulation established that the Cordells were negligent, it did not reserve Hall's right to further pursue her gross negligence claim. Thus, she "stipulated away" her right to pursue a jury trial on a claim for gross negligence and cannot revive her claim.

¶ 17    On appeal, Hall challenges the court's holding that, as a matter of law, noneconomic damages are not recoverable for the death of her dog even when the injury was the result of gross negligence. Hall raised this argument with the district court twice — once in her response to the Cordells' motion for partial summary judgment and again in her motion for reconsideration.

Both times, the court ruled that Hall could not recover noneconomic damages as a matter of law. Thus, the issue was preserved.

B.    Noneconomic Damages

¶ 18    Hall contends that the court erred by holding that noneconomic damages are not recoverable for the destruction of property even under a gross negligence claim because Colorado courts have implied that these damages are recoverable for willful and wanton conduct. We disagree.

1.    Standard of Review and Applicable Law

¶ 19    We review de novo a court's grant of summary judgment, *City & County of Denver v. Monaghan Farms, Inc.*, 2023 COA 60, ¶ 20, "as it is ultimately a question of law," *Montoya v. Connolly's Towing, Inc.*, 216 P.3d 98, 103 (Colo. App. 2008). We apply the same standard as the trial court when determining whether summary judgment is warranted. *Timm v. Reitz*, 39 P.3d 1252, 1255 (Colo. App. 2001). "The nonmoving party is entitled to the benefit of all favorable inferences that may be drawn from the undisputed facts, and all doubts as to the existence of a triable issue of fact must be resolved against the moving party." *A.C. Excavating v. Yacht Club II*

8

*Homeowners Ass'n,* 114 P.3d 862, 865 (Colo. 2005). We affirm a court's grant of summary judgment when the pleadings and supporting documents demonstrate that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *Krol v. CF & I Steel,* 2013 COA 32, ¶ 11.

¶ 20      Dogs are considered personal property in Colorado. *Colo. Dog Fanciers, Inc. v. City & County of Denver,* 820 P.2d 644, 653 (Colo. 1991); *Thiele v. City & County of Denver,* 312 P.2d 786, 789 (Colo. 1957). The measure of damages for the loss or destruction of personal property ordinarily is its market value, if it has a market value. *State v. Morison,* 365 P.2d 266, 272-73 (Colo. 1961), *overruled on other grounds by, Evans v. Bd. of Cnty. Comm'rs,* 482 P.2d 968 (Colo. 1971). This measure of damages applies in the case of loss or destruction of animals. *Id.* at 273. Generally, there is no recovery in tort for noneconomic damages in connection with an injury to the plaintiff's property. *Anson v. Trujillo,* 56 P.3d 114, 120 (Colo. App. 2002).

## 2. Analysis

¶ 21     Hall contends that several Colorado cases have implied that a party may recover noneconomic damages for emotional distress when a defendant's conduct was willful and wanton.  And because noneconomic damages are recoverable, whether the Cordells acted willfully and wantonly was an issue of material fact that precluded summary judgment.  We disagree.

¶ 22     In support, Hall relies on two cases: *Webster v. Boone*, 992 P.2d 1183 (Colo. App. 1999), and *Williams v. Continental Airlines, Inc.*, 943 P.2d 10 (Colo. App. 1996).

¶ 23     In *Webster*, the plaintiffs brought a simple negligence claim against an adjacent property owner for flooding that damaged the plaintiffs' home and their personal property, which included items that had belonged to the plaintiffs' deceased children.  992 P.2d at 1184-85.  The plaintiffs were awarded economic and noneconomic damages, including damages for emotional distress.  *Id.* at 1184.  The court concluded that "such damages [we]re not available under Colorado law." *Id.* at 1185.  It went on to note that "[i]n the absence of fraud, malice, or other willful and wanton conduct, there is

10

generally no recovery in tort for mental suffering resulting from injury to property." *Id.*

¶ 24    In *Williams*, the plaintiff sought to recover noneconomic damages resulting from injury to his reputation and mental and emotional suffering caused by his former employer and others, in part, for negligently investigating an internal complaint against him, which accused him of rape. 943 P.2d at 15-16. The court rejected the plaintiff's request, stating that "simple negligence cannot provide the basis for the recovery of damages for mental or emotional suffering . . . . It is only if the conduct can be determined to be [willful] or wanton that the recovery of such damages is otherwise authorized." *Id.* at 16.

¶ 25    Hall relies on these cases because they imply that noneconomic damages are recoverable if a defendant acted willfully and wantonly. But such reliance is misplaced because *Webster* and *Williams* addressed the plaintiffs' requests for noneconomic damages based on *negligence* claims, not gross negligence. In both cases, the court held that the plaintiffs could not recover for emotional distress on their negligence claims. Because recovery for noneconomic damages in *Webster* and *Williams* was premised on

negligence, the courts never reached the gross negligence issue; therefore, any statements implying that recovery for property damage based on willful or wanton conduct is permitted were dicta, as they had no bearing on the outcome of the decisions. *See Yen, LLC v. Jefferson Cnty. Bd. of Comm'rs*, 2021 COA 107, ¶ 28 ("The supreme court itself has defined dictum as 'judicial comment . . . that is unnecessary to the decision in the case and therefore not precedential.'" (quoting *Sullivan v. People*, 2020 CO 58, ¶ 21 n.5)).

¶ 26     Hall cites other cases permitting recovery of noneconomic damages based on willful or wanton conduct, but these cases are inapplicable because noneconomic damages were not awarded; the cases involved fraud or malice; or they involved intentional or reckless infliction of emotional distress, which Hall did not assert. *See, e.g.*, *Valley Dev. Co. v. Weeks*, 364 P.2d 730, 734 (Colo. 1961) (finding no basis for an award of noneconomic damages when the trial court found no willful and wanton conduct after the defendants relocated a ditch and deprived the plaintiff of irrigation water); *Anson*, 56 P.3d at 120 (holding that where fraud, malice, or like motives are the cause of injury to property, damages for mental suffering may be proper and remanding the case to the district

12

court for determination of noneconomic damages attributable to the plaintiff's fraud claim); *Chyrar v. Wolf*, 21 P.3d 428, 430 (Colo. App. 2000) (noting that sentimental and emotional value of lost or destroyed property may be considered only in cases involving intentional or reckless infliction of emotional distress).

¶ 27    Hall further contends that the court erred by granting summary judgment because the Cordells failed to demonstrate that there was no genuine issue of material fact. The court determined that, as a matter of law, Hall could not recover noneconomic damages for destruction of property under Colorado's current legal authority. Thus, there was nothing for the Cordells to prove or disprove as no factual determination was necessary. A court "may decide a legal question '[i]f there is no genuine issue of any material fact necessary for the determination of the question of law.'" *EnCana Oil & Gas (USA), Inc. v. Miller*, 2017 COA 112, ¶ 10 (quoting C.R.C.P. 56(h)).

¶ 28    As it stands, Colorado law does not permit recovery of noneconomic damages based on a claim of gross negligence arising from the loss of a pet or other property. And Hall does not provide any supporting case law in which courts of this state have awarded

13

emotional distress damages for the loss of a pet under a theory of gross negligence. Rather, Colorado law limits recoverable damages for injury to property to the value of the property itself. Accordingly, the court did not err by granting the Cordells' motion for partial summary judgment.

## C. Remaining Claims

¶ 29    Hall also asserts that a gross negligence claim permits a party to recover exemplary damages. However, she did not seek these damages in the district court. Hall's response to the motion for partial summary judgment notes that these damages are recoverable by statute, but as the district court mentioned in its order denying Hall's motion for reconsideration, Hall did not request or specially plead exemplary damages and that remedy was not before the court. *See Padilla v. Ghuman*, 183 P.3d 653, 658 (Colo. App. 2007) ("A party who seeks damages that are not the usual and natural consequence of the wrongful act complained of must specifically plead and prove them."). We therefore decline to address this issue because it was unpreserved and is underdeveloped in Hall's opening brief. *Antolovich v. Brown Grp.*

14

*Retail, Inc.*, 183 P.3d 582, 604 (Colo. App. 2007) (declining to address underdeveloped arguments).

¶ 30 Hall also contends that there are strong public policy reasons to view pets as more than property.  As support, Hall points to changes in the state's legislation regarding pets.  *See, e.g.*, § 38-12-106, C.R.S. 2025 (limiting the security deposit and additional monthly rent landlords can charge tenants for pets); § 35-82-102, C.R.S. 2025 (permitting health related research facilities to offer dogs or cats to animal shelters or rescues for adoption before euthanizing the animal); § 24-1-123, C.R.S. 2025 (developing a department of agriculture, including a division of animal welfare); § 18-9-202, C.R.S. 2025, (defining cruelty and aggravated cruelty to animals).  To the extent that Hall argues that public policy and the evolution of our state's legislation — both as it applies to noneconomic damages and animal law — favor recovery of noneconomic damages for injury to a pet, this argument is best advanced through other branches of our government.  *See Markwell v. Cooke*, 2021 CO 17, ¶ 30; *Town of Telluride v. Lot Thirty-Four Venture, L.L.C.*, 3 P.3d 30, 38 (Colo. 2000) ("[C]ourts must avoid

15

making decisions that are intrinsically legislative.  It is not up to the court to make policy or to weigh policy.").

## III.  Disposition

¶ 31 The judgment is affirmed.

JUDGE J. JONES and JUDGE BERGER concur.